IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOROTHY BEAVER, individually and as Special Administrator of the Estate of ARTHUR BEAVER, deceased, DOROTHY BACKSTROM, individually and as Special Administrator of the Estate of JOHN BACKSTROM, deceased, KAROLYN OUTCALT, individually and as Special Administrator of the Estate of DOLORES HOLETON, deceased, GERALDINE GOULET, individually and as Special Administrator of the Estate of CLAYTON W. GOULET, deceased, ADELE OTTO, individually and as Special Administrator of the Estate of BEN OTTO, deceased, LYNN FOX, individually and as Special Administrator of the Estate of ORVIL M. SMITH, deceased, LYNN FOX, individually and as Special Administrator of the Estate of ROBERT C. SMITH, deceased, EDITH POTTS, individually and as Special Administrator of the Estate of RICHARD J. POTTS, deceased,

     Plaintiffs,

v.          CIV. NO. 10-CV-375

EXXON MOBIL CORPORATION, SUNOCO, INC., TEXACO DOWNSTREAM PROPERTIES, INC., FOUR STAR OIL AND GAS COMPANY, BP PRODUCTS NORTH AMERICA, INC., HOVLAND'S, INC., SHELL CHEMICAL L.P., ASHLAND CHEMICAL COMPANY DIVISION OF ASHLAND, INC., CORNERSTONE NATURAL GAS, INC. (f.k.a. CLAIBORNE GASOLINE COMPANY) and SHELL OIL COMPANY,

     Defendants.

---

**NOTICE OF REMOVAL**

To All Counsel of Record:

Defendants Exxon Mobil Corporation, Sunoco, Inc., Texaco Downstream Properties, Inc., Four Star Oil and Gas Company, BP Products North America, Inc., and Ashland, Inc. (incorrectly named as Ashland Chemical Company Division of Ashland, Inc.), (collectively the "Removing Defendants"), by their attorneys, respectfully give notice that this action is hereby removed from the Circuit Court for Eau Claire County, Wisconsin to the United States District Court for the Western District of Wisconsin. This basis for this Notice is as follows:

1. On or about July 9, 2009, Plaintiffs, all of whom are Special Administrators for the estates of deceased former employees of the Eau Claire Uniroyal tire manufacturing facility, filed the above action in the Circuit Court of Eau Claire County, Wisconsin as Circuit Court Case No. 09-CV-621 against the above-captioned defendants.

2. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 because, upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs, and except for Hovland's, there is complete diversity between the plaintiffs and the defendants.

3. Upon information and belief, Hovland's was fraudulently joined as a party defendant for the sole purpose of defeating diversity jurisdiction.

4. Plaintiffs allege claims against all of the named-defendants for negligence and against all named-defendants, save Hovland's, Inc., for strict products liability.

5. The Removing Defendants have all been served a copy of Plaintiffs' summons and complaint.

6. Upon information and belief, all of the remaining defendants, except Cornerstone Natural Gas, Inc., have been served a copy of Plaintiffs' summons and complaint.

7. This action is a companion case to *Christ et al. v. Exxon Mobil Corporation et al*, Civ. No. 06-CV-420 (Eau Claire County Cir. Ct) (Stark J., presiding). The *Christ* plaintiffs, who are represented by the same counsel as Plaintiffs here, are also former Uniroyal employees who have alleged identical claims against the same defendants. In fact, the complaints filed in both *Beaver* and *Christ* are identical.

8. On May 29, 2008, the *Christ* court entered a final judgment in favor of Hovland's and against the former Uniroyal plaintiffs there. (Sullivan Decl., Ex. 1.) The grounds for the court's decision were announced at a May 28th hearing in which the court found no evidence to support the *Christ* plaintiffs' claims against Hovland's. At that hearing, the *Christ* plaintiffs' counsel, who is the same counsel for Plaintiffs here, conceded that his clients did not have evidence sufficient to defeat Hovland's motion for summary judgment. The *Christ* plaintiffs did not appeal the circuit court's final judgment.

9. Despite failing to support a claim against Hovland's in the *Christ* case, counsel for Plaintiffs alleged the same claims against Hovland's when this action was filed on July 9, 2009.

10. On or about August 25, 2009, Hovland's served its first set of discovery requests upon Plaintiffs wherein it demanded, in part, evidentiary support for Plaintiffs' claims. In response, counsel for Plaintiffs provided the following "evidence": (1) Hovland's admitted in the *Christ* case that it was a local HVAC contractor, had sold HVAC parts to the Uniroyal facility in Eau Claire, and had performed some "nondescript" HVAC work at the plant; (2) Gerald Conley, one of the plaintiffs in the *Christ* case, knew that Hovland's had done work at the plant such as heating and sheet metal work; (3) many of the *Christ* plaintiffs had complained about excessive heat and chemical odor at the plant; and (4) a former Uniroyal employee named Marion Meyer,[1] who worked in purchasing, "often" recalled seeing Hovland's name on Uniroyal purchase orders. (Sullivan Decl., Ex. 2 at Response to Interrog. Nos. 2, 16, 18-20.)

11. In regard to the first three proffers, Plaintiffs' counsel offered the same evidence in the *Christ* case and in each instance the circuit court rejected it as insufficient. In fact, it bears noting that, both in the *Christ* case and in this action, it was Plaintiffs' counsel, and not Plaintiffs or third-party fact witnesses, who offered this "proof." At no time have Plaintiffs offered any affidavits or other evidence supporting counsel's claims, which is not

---

[1] Plaintiffs' counsel had incorrectly identified Mrs. Meyers's first name as Mary.

surprising given that his clients (including Mr. Conley) have directly refuted any knowledge about Hovland's work at Uniroyal.

12.   The only "new evidence" Plaintiffs' counsel offered regarding Hovland's is the identity of "Mary Meyers [sic]" and her purported knowledge of Hovland's involvement.  But when Marion Meyer was deposed on June 21, 2010, she admitted that she did not know what was on the purchase orders on which she saw Hovland's name.  (Sullivan Decl., Ex. 3 at 8:13-10:3.)  Nor did she ever see Hovland's employees working at the plant.  (*Id.* at 10:4-7.)  Mrs. Meyer further conceded that the number of times she saw Hovland's name was "infrequent" and not "often" as claimed by Plaintiffs' attorney.  Accordingly, it is clear that Mrs. Meyer has no personal knowledge regarding what Hovland's may have done at or sold to Uniroyal.

13.   It is further obvious that Plaintiffs cannot establish a cause of action against Hovland's in this action as they similarly failed to do in the *Christ* case.

14.   Disregarding the residence of Hovland's, Inc. due to its fraudulent joinder in this action, complete diversity exists among the remaining parties since Plaintiffs are all from Wisconsin and the remaining defendants, including the Removing Defendants, all reside in different states.  (*See also* Compl. ¶ 11B (conceding that the remaining defendants are from either California, Delaware, Illinois, Ohio, Pennsylvania or Texas).)

15. The Removing Defendants first ascertained that Plaintiffs fraudulently joined Hovland's after Mrs. Meyer's deposition of June 21, 2010. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

16. A true and correct copy of this Notice of Removal has been or will be filed with the Clerk of the Circuit Court of Eau Claire County, Wisconsin as required by 28 U.S.C. § 1446(a) and provided to counsel for the Plaintiffs.

17. A copy of all process, pleadings and orders served upon the Removing Defendants in the state court proceedings of this action is attached to this Notice of Removal as Exhibit 4 to the Declaration of Dennis M. Sullivan.

18. WHEREFORE the Removing Defendants provide notice of their removal of the above-captioned action from the Circuit Court of Eau Claire County, Wisconsin to the United States District Court for the Western District of Wisconsin.

Dated July 8, 2010.

                                     CHILTON YAMBERT & PORTER LLP.

                       By: /s/ Michael A. Hughes
                             Dennis M. Sullivan, SBN 1016053
                             Michael A. Hughes, SBN 1047206
                             222 West Washington Ave., Suite 440
                             Madison, WI 53703
                             (608) 663-1882

                             Attorneys for Defendants Exxon Mobil Corporation, Sunoco, Inc. (R&M), Texaco Downstream Properties, Inc., Four Star Oil and Gas Company, BP Products North America, Inc., and Ashland Inc.